IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JENS ERIK WESTHOFF,

          Plaintiff,

   vs.

CITY OF OMAHA,

          Intervenor-Plaintiff,

   vs.

DB INDUSTRIES, LLC,

          Defendant.

8:16CV456

**ORDER**

This matter is before the Court on the Motion for Leave to Intervene (Filing No. 24) filed by the City of Omaha. The City represents that it was the employer of Plaintiff at the time he sustained the injuries that are the subject of this lawsuit, and that the City has paid Plaintiff workers' compensation benefits for those injuries in accordance with the Nebraska Workers' Compensation Act.[1] (Filing No. 25). The City requests leave to intervene in this matter to assert its subrogation rights pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, or in the alternative, pursuant to Rule 24(b)(1)(B). (Filing No. 24). The City attached a copy of its Complaint in Intervention (Filing No. 24-1) that it intends to file. See Fed. R. Civ. P. 24(c)("The motion [to intervene] must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."). The City additionally represents in its motion that counsel for Plaintiff and Defendant both consent to the City's intervention. (Filing No. 24).

Upon review of the City's motion and brief, the Court finds that the City has demonstrated the existence of an Article III case or controversy, and that it is entitled to intervene as a matter of right. *See Mausolf v. Babbitt*, 85 F.3d 1295, 1300-01 (8th Cir. 1996) (requiring prospective Rule 24(a) intervenors to demonstrate the existence of an Article III case or controversy); *and* Fed. R. Civ. P. 24(a)(2)("On timely motion, the court must permit anyone to

---

[1] Neb. Rev. Stat. § 48-101, et seq.

intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."). The Court considers the City's motion to be timely, although it was filed more than a year after this case was commenced. However, the City represents in its brief that it only recently received notice of this lawsuit. (Filing No. 25 at p. 4). Additionally, this case is still in the early stages of progression due to unforeseen circumstances.

Pursuant to this Court's text order dated September 28, 2017, the parties are to file an updated Rule 26(f) Report on or before October 27, 2017, and a telephone planning conference is scheduled for November 3, 2017, at 11:00 a.m. (Filing No. 22). Once the City files its Complaint in Intervention, it will be permitted to participate in both the Rule 26(f) Report and the planning conference. Accordingly,

**IT IS ORDERED:** The Motion for Leave to Intervene (Filing No. 24) filed by the City of Omaha is granted. The City of Omaha shall file its Complaint in Intervention on or before October 19, 2017. The Clerk of Court shall add The City of Omaha to the case caption as Intervenor-Plaintiff.

Dated this 11th day of October, 2017.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge